THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION MOORE, K97331, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:25-cv-02050-GCS |
| | ) |
| ANTHONY WILLS, | ) |
| ALISA DEARMOND, | ) |
| NURSE LIZ, | ) |
| MIKE MOLDENHAUER, | ) |
| NURSE JESS, | ) |
| P. DEVENNEY, | ) |
| CONNIE DOLCE, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Dion Moore, an inmate of the Illinois Department of Corrections ("IDOC") who is currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Moore alleges that the defendants have violated his rights by failing to provide medical treatment for multiple conditions.

This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint

---

[1] The Court has jurisdiction to resolve Moore's motions and to screen his Complaint due to his consent to the full jurisdiction of a magistrate judge (Doc. 5) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the IDOC, Wexford, and this Court.

that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## The Complaint

Moore alleges that he first began to experience severe stomach pain and cramps in 2022. (Doc. 1, p. 6). Upon transfer to Menard on August 30, 2023, he reported his pain, headaches, bloody stools, and blood in his vomit by filing a grievance. He was seen by Defendant Dearmond, who sent him for a colonoscopy. *Id.* The colonoscopy revealed an H. pylori infection. Moore was seen by Defendant Moldenhauer, who told him he would receive 10 days of antibiotics to treat the infection. *Id.* at p. 7. Despite the order for 10 days of medication, he alleged he only received 6-7 days' worth because Nurse Jess forgot to bring the medication. *Id.* Moore wrote a grievance about the issue and notified Defendant Moldenhauer to no avail.

Moore reports that he began to lose more weight, losing 60 pounds in a few months. His stomach pain, bloody stools, and headaches intensified. He alleged that Nurse Kendra provided materials for stool samples but never collected the samples for testing. Moore placed multiple sick calls for weeks and months but was often told his sick call requests were cancelled. On July 23, 2024, Moore filed a grievance recounting his problems. Around this time, Moore was seen for a follow-up visit at an outside hospital. He had another colonoscopy, and it was discovered that he still had H. Pylori. During the second colonoscopy, a hemorrhoid was also discovered and surgically repaired. Moore was to be given another course of 10 days of antibiotics, but Nurse Liz bypassed his cell

despite knowing he needed medication. (Doc. 1, p. 8). Moore filed a grievance about the medication to no avail. He alleged he had gone more than a year without seeing a doctor, and his condition continued to deteriorate. Moore alleged he had filed daily grievances for six months to no avail.

In addition to his stomach problems, Moore complained about back and left-side pain. He was seen at an outside hospital and was diagnosed with nerve damage and carpal tunnel syndrome. He was promised "medical equipment" and pain medication, but he received nothing.

Moore also complained that in August of 2025 he was assaulted while restrained. He alleged that he suffered severe injuries to his face, head, and body, but he received no treatment and lost consciousness several times. He claims he told a male nurse about his need for care, but he had filed previous grievances on the nurse, and the nurse told him he deserved it. (Doc. 1, p. 10).

On October 25, 2025, Moore had severe pain in his chest, body, and stomach, and he struggled to breathe. His current cell was positioned such that he could not get the attention of staff in case of an emergency. Without assistance, he lost consciousness and when he awoke, he vomited. Moore was told he was on the list to be seen by a nurse on October 25, 2025, but he alleged Officer Rittner left him in his cell that day. (Doc. 1, p. 10).

As of the filing of his complaint on November 5, 2025, Moore alleged he was still experiencing bloody stools, blood in his vomit, severe chest and stomach pains, left-side pain, headaches, and dizziness. (Doc. 1, p. 10).

Moore seeks medical treatment, the installation of a call system in cells, the removal of solid metal cell doors, a permanent transfer to another prison, termination of staff involved in the complaint, and monetary compensation.

### PRELIMINARY DISMISSALS

Moore named Defendants Wills, Dolce, and Devenney in the caption but provided no specific factual allegations about their involvement in his medical care. Naming a person in the caption, without providing any factual assertions, is insufficient to state a claim. *See Black v. Lane,* 22 F.3d 1395, 1401 n.8 (7th Cir. 1994). Moore also discussed several people in his complaint that he did not name in the list of defendants—Nurse Kendra, Officer Ritter, and an unnamed male nurse. Federal Rule of Civil Procedure 10(a) requires that all defendants be listed in the case caption of the complaint to state a valid claim. Therefore, Moore has failed to plead adequate claims against Wills, Dolce, Devenney, Kendra, Ritter, or the unnamed male nurse.

In addition to Moore's complaints about his stomach pain, blood in his vomit and stool, and the H. Pylori infection, he also complains in passing about nerve damage, injuries from an assault in August of 2025, and some kind of medical emergency in October of 2025. Regardless of whether these allegations suggest a serious medical issue, Moore has failed to link these injuries or harms to specific defendants. Moore also has not said much about which defendants, if any, he has notified of his ongoing stomach issues. Without more detail about each of Moore's conditions, and without information about who he contacted for care, he cannot proceed with claims about these issues. To the extent

that Moore seeks any type of immediate injunctive relief related to these issues, he also has not provided sufficient information to support such a request.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Defendant Dearmond for her handling of Moore's ailments in or around August of 2023;**

**Count 2:** **Eighth Amendment deliberate indifference claim against Defendant Moldenhauer for the aftercare provided following Moore's initial colonoscopy and H. Pylori diagnosis;**

**Count 3:** **Eighth Amendment deliberate indifference claim against Nurses Liz and Jess for failing to provide Moore's full 10-day course of antibiotics.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

**Count 1**

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *See Berry v. Peterman*, 604 F.3d 435, 439–440 (7th Cir. 2010). Moore must show that he suffered from a serious medical condition (*i.e.*, an

---

[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

objective standard) and also show that each defendant responded with deliberate indifference (*i.e.*, a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of treatment. *See Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

While Moore describes severe pain, blood in his stool and vomit, and weight loss, his allegations against Defendant Dearmond do not show that she personally acted with deliberate indifference to his situation. Moore alleges that when he was seen by Dearmond she noted deficiencies in his chart, corrected them, and sent him for a colonoscopy. There is no indication that Moore ever saw Dearmond again after the colonoscopy. Instead, Moore seems to explicitly say he followed up with Moldenhauer. Given that Moore's sole interaction with Dearmond appears to have resulted in needed testing, and there is no indication she had any further role in his care, Count 1 cannot proceed against Dearmond.

**Count 2**

Moore faults Defendant Moldenhauer for acknowledging his need for 10 days of antibiotics but failing to act when notified that Moore did not get the full course of antibiotics. Moore alleges without the full course of treatment he continued to suffer, and his infection was not fully treated and required a second round of treatment. These

allegations are sufficient to suggest that Moldenhauer may have exhibited deliberate indifference to Moore's need for adequate follow-up care after the first colonoscopy. Count 2 may proceed.

**Count 3**

Moore alleges that Nurse Jess failed to bring the full 10 days of his first round of antibiotics because she forgot to bring them to the cellhouse, and Nurse Liz walked by his cell despite knowing he needed antibiotics during the second round of treatment. A missed dose of medication can, in some limited circumstances, be sufficient to state an Eighth Amendment claim. *See, e.g.*, *Hamilton v. Gavin*, No. 22 C 02285, 2023 WL 2161663, at *6-7 (N.D. Ill. Feb. 22, 2023) (collecting cases concerning missed doses of medication). *But see Fields v. Miller*, Case No. 20-cv-1211-pp, 2021 WL 1400907, at *1-2 (E.D. Wisc. April 14, 2021) (collecting cases on a missed dose of medication and finding that a single missed dose without any adverse effect was not sufficient to state a claim); *Perez v. Fenoglio*, 792 F.3d 768, 777-778 (7th Cir. 2015) (noting that a delay in treatment must also cause prolonged suffering or a discrete injury to state a claim). Here, Moore's allegations suggest that he may have suffered harm without the full course of antibiotics, but he does not provide much information about how many doses he missed or if it was always these two nurses responsible for the missed doses. As it stands, it sounds like he may have only missed a dose from each provider once, and a single missed dose is generally not sufficient to sustain a claim. *See, e.g.*, *Brown v. Millar,* 2024 WL 4815285, Case No. 3:24-cv-000304-GCS (S.D. Ill. Nov. 18, 2024) (collecting cases for the proposition that a one-time misadministration of medication generally does not support a claim for deliberate

indifference). Additionally, Moore's allegation that Nurse Liz forgot his medication is more akin to negligence than intentional wrongdoing. Claim 3 will be dismissed as insufficient. If Moore would like to further pursue this claim, he must provide more details about how many doses he missed, if the missed doses were always the responsibility of one nurse or more than one, and what specific symptoms or harm he experienced when he missed doses.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Count 2** of the Complaint (Doc. 1) survives initial screening as described above against Mike Moldenhauer. By contrast, **Count 1** against Alisa Dearmond is insufficient to state a claim, and **Count 3** against Nurse Jess and Liz is also insufficient. Additionally, Plaintiff has failed to state a claim against Defendants Wills, Devenney, and Dolce. The Clerk of Court is **DIRECTED** to **TERMINATE** Dearmond, Nurse Liz, Nurse Jess, Anthony Wills, P. Devenney, and Connie Dolce.

The Clerk of Court is **DIRECTED** to prepare for Defendant Mike Moldenhauer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the

Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. *See* FED. R. CIV. PROC. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: February 4, 2026.**

Digitally signed by Judge Sison
Date: 2026.02.04 11:11:14 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed as a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.